HUBERT TAYLOR, Judge.
Appellant, Tommy G. Jones, was convicted of robbery in the first degree and sentenced to fifty years in the penitentiary.
The only issue we will address is whether reversible error occurred when the district attorney commented during closing arguments on Jones’s exercise of his Fifth Amendment right against self-incrimination. Because of the brief amount of time the victim had to look at his assailant, the issue of identity was before the jury. The modus operandi used to effectuate the robbery was sufficiently unusual that the State felt justified in eliciting testimony about a similar robbery in Tennessee. Jones had been positively identified as being a participant in the Tennessee robbery and was awaiting trial on that charge.
Jones took the stand in his own behalf. On cross examination, he answered all questions directly relating to the offense charged. However, when the questioning focused on the events in Tennessee, he invoked his Fifth Amendment privilege against self-incrimination. The trial court recognized the privilege and refused to order Jones to respond to the questions. During closing arguments, the district attorney commented on Jones’s invoking the Fifth Amendment. Defense counsel objected but was overruled.
It is well settled that a prosecutor may not comment on a defendant’s failure to testify. It is equally well settled that once the defendant takes the stand, he loses this privilege, and his refusal to testify as to material matters may be commented upon by the district attorney. Jones took the stand and answered all questions on cross examination except those that would directly implicate him in another robbery.
The case of Clarke v. State, 78 Ala. 474 (1885), discusses a defendant’s right to use his privilege not to testify once he has taken the stand. The court said:
“[T]he waiver extends no farther than to all such facts and circumstances as may tend to illustrate the particular offense charged. ... To avoid ... injustice, and to secure to the defendant a fair and impartial trial in the sense guaranteed by law, the waiver of the constitutional immunity from compulsory self-examination should not be extended beyond facts which may be testified to by other witnesses, or which may be relevant to the issue, or may tend to elucidate it. Within these limits, the fullest cross-examination should be allowed; but its range into inquiries respecting past transactions *1382 and offenses, separate and distinct, is prohibited by the constitutional inhibition.” 78 Ala. at 480 (Emphasis added.)
Additionally, the case of Douglass v. State, 257 Ala. 269, 58 So.2d 608 (1952), says:
“While it is well settled that, ‘When the defendant in a criminal case avails himself of the statutory privilege of testifying as a witness, he subjects himself to the test of cross-examination as to any matter connected with the transaction, or pertinent to the issue, and impeachment by evidence assailing his general character, or by proof of contradictory statements on other occasions; but he can not be cross-examined, against his objection, as to his connection with, or commission of other offenses, or matters which would unduly prejudice him in the minds of the jury ....”’
More on the point, the Supreme Court in Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1942), discussed the right of a prosecutor to comment on the defendant’s assertion of his privilege once the defendant has taken the stand. The Court said:
“[Wjhere the claim of privilege is asserted and unqualifiedly granted, the requirements of fair trial may preclude any comment. That certainly is true where the claim of privilege could not be denied. ... The claim of privilege and its allowance is properly no part of the evidence submitted to the jury, and no inferences whatever can be legitimately drawn by them from the legal assertion by the witness of his constitutional right.” 318 U.S. at 196, 63 S.Ct. at 553 (Emphasis added.)
An accused who testifies in his own behalf has an undeniable right to invoke the privilege with respect to other offenses that may be pending against him. Allowing the prosecutor to comment on this right would render the privilege void.
This cause is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.